## Case No. 10,434.

### In re O'DONNELL.

[14 O. G. 379.]

Circuit Court, E. D. Missouri.    Sept. 19, 1878.

TRADE-MARKS—SEARCH-WARRANT — ACT OF AUG. 14, 1876.

1. In the absence of any proper proof of the right or title of the applicants, and because the affidavit was lacking in that definiteness and particularity necessary to justify a search-warrant, relief by such process, under section 7, Trade-Mark Act Aug. 14, 1876 [19 Stat. 142], denied.

2. It is dangerous practice to issue search-warrants against several individuals not associated together, or against their premises, because a general sweeping affidavit is made.

This was an application [by James M. O'Donnell] for search-warrant made under section 7 of the penal act of August 14, 1876, in relation to trade-marks, upon affidavit of the alleged agent of the owners of the registered mark. The single affidavit specified several distinct parties, having different places of business, against whom process was desired.

TREAT, District Judge. An application has been made to me, based on an affidavit, for the issue of a search-warrant under the provisions of the United States statutes concerning "trade-marks." Such application, by the terms of the statutes, may be made to any United States circuit court, or district judge. or United States commissioner. I have no time under the press of business to enter upon an extended examination of the questions necessarily arising in this ex parte matter; nor should many of the grave propositions involved be ignored or decided without full hearing. It is supposed by the applicant that a simple presentation of an affidavit, together with the certificate of the commissioner of patents as to the registered trade-mark, entitles him to the writ. The act of congress says said officers "may, within their respective jurisdiction, proceed under the law relating to search-warrants." To what law is reference made? As there is no general law by United States statutes on that subject, and constitutional provisions exist founded on known controversies in England on the subject-matter, it must be held that the general laws to which the constitution refers were intended.

Without passing upon the grave question as to the validity of the act of 1876, or discussing the points involved in the act of 1870, reproduced in the United States Revised Statutes

so far as trade-marks are concerned, I refuse the application made, on the ground that the known requirements as to search-warrants, with respect to definiteness and particularity, have not been observed; and also that there is no proper proof that assignment of any supposed or alleged right to such trade-marks have been made to the applicants. It is a dangerous doctrine that "searches and seizures" which, if unreasonable, are forbidden by the United States constitution should be issued against several persons not associated together, or their premises, in one warrant, because a general and sweeping affidavit is made. Such practice would soon bring about the very evils involved in the English controversies concerning general warrants, and provided against by the United States constitution.

Writ refused.